## Case No. 3,910.

**DILL v. The BERTRAM.**[1]

District Court, S. D. New York. June 30, 1857.

SHIPPING—RECEIPT OF CARGO—LOSS ON WHARF.

[1. Cargo delivered on a wharf into the charge of the officers of a vessel is "shipped" so as to free the shipowners, under Act March 3, 1853, § 1 (9 Stat. 635, c. 43), from liability for loss by a fire occurring without their design or neglect, although the loss was caused by the negligence of the ship's officers in not promptly putting the goods on board.]

[2. Distinguished in 2 Pars. Ship. & Adm. 122, as to the proposition that vessel owners are liable for a loss by fire while the goods were being conveyed in lighters to the ship for the purpose of transportation, on the ground that in this case the goods had been delivered to the vessel, and were on the wharf at the time.]

[Libel by Dill against the ship John Bertram for loss of cargo.]

Stoughton and Harrington, for libelants.
Beebe, Dean, and Donohue, for claimants.

Before BETTS, District Judge.
The libel in this case states that in April, 1855, the libellants, having purchased 879 bags of saltpetre to be delivered to them in Boston, agreed with the owners of the ship, then lying in Boston, to carry it from that port to Harrisburg, the vessel to touch at New York; that the vessel having given notice of readiness to receive the saltpetre, it was delivered on the wharf and taken charge of by the vessel's officers; that 214 bags of it were taken on board, but the balance was destroyed by a fire originating on land, and the loss of it

[1] [Not previously reported.]

was occasioned by the negligence of the officers of the ship in not taking it sooner on board; that the vessel afterwards left Boston and came to New York, where she then was, but her owners had refused to give bills of lading for more than 214 bags, or to admit any liability for the balance, the value of which, being upwards of $7,000, they claimed to recover of the ship. All the allegations of the libel were put in issue by the answer.

HELD BY THE COURT: That heretofore such a delivery and acceptance has been regarded as sufficient to establish a lien upon the vessel for the goods, but that doctrine must be regarded as rescinded by the express adjudications of our courts. [The Freeman v. Buckingham] 18 How. [59 U. S.] 188; The Young Mechanic [Case No. 18,180]; The Kearsarge [Case No. 7,633]; [Vandewater v. Mills] 19 How. [60 U. S.] 88. But if the saltpetre, under the facts, is to be regarded as laden on board the ship, then it is brought under the provisions of the act of congress of March 3, 1851 [9 Stat. 635, c. 43, § 1], and the loss and damage to it by fire alongside the ship, must be regarded as happening to goods "shipped, taken in, or put on board" the ship, and the owners are therefore exempt from responsibility. Libel dismissed, with costs.