In re LOUISVILLE & C. PACKET CO.

(District Court, S. D. Ohio, W. D. May 22, 1899.)

No. 1,767.

SHIPPING—LOSS OF BAGGAGE—LIMITED LIABILITY ACT.

Baggage delivered by the purchaser of a ticket for passage on a steamer to the agent of the vessel to be placed on board, and which had been placed on a wharf boat to which the steamer was moored, where it was destroyed, together with the wharf boat and steamer, by fire, caused without the privity or knowledge of the owner, had been "shipped," within the meaning of Rev. St. § 4283, and the loss is covered by the limitation of liability therein provided for.

This was a proceeding in admiralty by the Louisville & Cincinnati Packet Company for limitation of liability on account of losses sustained in the burning of the steamer Big Sandy.

Stevens & Lincoln, for Louisville & C. Packet Co.

Prescott Smith, for Danforth.

THOMPSON, District Judge. F. N. Danforth, an intervener, moves the court to confirm the report and findings of the clerk heretofore filed in this case, and that the restraining order heretofore made in this action, restraining Danforth from proceeding in an action against the libelant in another court for loss of baggage sustained by him in the burning of said steamboat be dissolved. The master's findings are as follows:

"I find that on the 5th day of August, 1895, said steamboat Big Sandy, while lying at the wharf at the port of Cincinnati, Ohio, was destroyed by fire; that

the fire originated in a wharf boat lying just below the wharf boat to which said steamboat was moored; that the value of the wreck of said steamboat after the fire was two hundred and eighty ($280) dollars, and the value of the pending freight was nothing; that the property of the said cross libelant, F. N. Danforth, was on the wharf boat to which said steamboat was moored, and was destroyed by the fire which consumed said wharf boat."

To which was added the following agreed statement of the parties, to wit:

"It is also agreed by counsel, and is to be considered a part of the above report, that Danforth, the owner of the baggage in question, had purchased his ticket for the Str. Big Sandy for Louisville, and had delivered the same to the agent of the Str. Big Sandy for being placed on the boat, and taken with the passenger on the trip to Louisville that day, and was destroyed in the same fire that destroyed the steamboat and wharf boat. This finding to be without prejudice to either party in the suit pending in the state court if it be held that the limited liability act does not apply.

"Chas. H. Stephens, of Counsel for Packet Co.
"Prescott Smith."

The libelant opposed the motion upon the ground that Danforth's loss is one covered by the limitation of liability provided for in section 4283 of the Revised Statutes of the United States, which reads as follows:

"The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

Upon the findings of the master and the agreed statement of counsel, I think it is clear that the baggage had been "shipped," within the meaning of the section quoted, at the time of the destruction of the vessel, and, there being no evidence to show that the fire was caused with the privity or knowledge of the owner, the owner is not answerable for the loss over and above the value of the wreck of the vessel after her destruction and her freight then pending. The motion therefore will be overruled. Dill v. The Bertram, 7 Fed. Cas. 698 (No. 3,910); Constable v. Steamship Co., 154 U. S. 51, 62, 14 Sup. Ct. 1062; 2 Gould & T. Notes Rev. St. U. S. p. 535; In re Goodrich Transp. Co., 26 Fed. 715; In re Long Island N. S. Passenger & Freight Transp. Co., 5 Fed. 599.